IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

SONIA ROBERTO,

   Plaintiff,

        v.

COMMONWEALTH OF PUERTO RICO, *et al.*,

   Defendants.

CIVIL NO. 15-1633 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

This matter is before the Court on Co-Defendants Angel Nieves-Gonzalez and Heriberto Soto-Cruz's (collectively "Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 11. Plaintiff Sonia Roberto ("Plaintiff") failed to timely respond. The Court GRANTS Defendants' Motion to Dismiss and hereby dismisses all of Plaintiff's claims because Plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[1]

## BACKGROUND[2]

On May 22, 2014, Plaintiff Sonia Roberto had a disagreement with a fellow client (the "stranger") at a store over who was first in the store's line. When Plaintiff left the store, the

---

[1] Because Plaintiff is proceeding *in forma pauperis*, Docket Nos. 2, 3, the Court may *sua sponte* dismiss Plaintiff's case at any time for failure to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2). Therefore, the Court dismisses Plaintiff's claims against all Defendants, even though not all of them have moved to dismiss.

[2] For purposes of Defendant's Motion to Dismiss, all facts are taken from Plaintiff's Complaint, Docket No. 1, and are presumed to be true.

stranger followed Plaintiff and "grabbed [her] strongly by the left arm . . . ." The stranger then took the product Plaintiff had purchased from her hands.

A security officer was able to help Plaintiff break free from the stranger. However, the stranger followed Plaintiff. Plaintiff entered a bank in hopes of hiding from the stranger. Plaintiff saw the stranger looking aggressively into the bank. While Plaintiff was inside the bank, the stranger called the police. Some police officers arrived on bicycle and talked to Plaintiff. However, these officers told Plaintiff that they had to leave but that other officers were coming. When the other officers arrived, they spoke to Plaintiff and then to the stranger. As Plaintiff was observing the stranger speaking to police, the officers abruptly handcuffed Plaintiff. In Plaintiff's words, these police officers "abused of a defenseless lady (Plaintiff) injuring her physically and violating the dignity, civil rights, constitutional rights and other laws."

Based on these underlying events, Plaintiff filed suit against the Commonwealth of Puerto Rico; various Puerto Rico Police Department ("PRPD") Officers; the stranger, later identified as Candida Negron Ramos; and various Puerto Rico Health Facility Employees. Docket No. 1. Plaintiff's Complaint asserts violations of her rights under the U.S. and Puerto Rico Constitutions, specifically naming the First and Fourteenth Amendment; the following listed statutes: 18 U.S.C. § 242, 42 U.S.C. §§ 1983, 1985(3), P.R. Laws Ann. Tit. 121 Art. 3(a), (b), P.R. Laws Ann. Tit. 8 § 343(a), (b), P.R. Laws Ann. Tit. 33 § 4523; and other unspecified "laws, statutes, and [regulations]." Docket No. 1.

## STANDARD OF REVIEW

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 1974. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965. At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1988).

A *pro se* plaintiff's complaint must be liberally construed, and may only be dismissed "if a plaintiff cannot prove any set of facts entitling him or her to relief." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "However, *pro se* status does not insulate a party from complying with procedural and substantive law. The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Id.* However, this does not exempt a *pro se* plaintiff from having to put forth the "requisite supporting facts" for the elements of their claim. *See id.*

## ANALYSIS

Defendants argue that all of Plaintiff's federal claims must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docket No. 11. Defendants then argue that all of Plaintiff's Puerto Rico law claims should be dismissed for lack of jurisdiction. *Id.* Defendants also

Civil No. 15-1633 (JAG)                                                                                                   4

argue, in the alternative, that any claims against them in their official capacity must be dismissed on Eleventh Amendment grounds. *Id.* Plaintiff did not respond to any of Defendant's arguments.[3]

The Court agrees with Defendants that even when construing Plaintiff's *pro se* complaint liberally, Plaintiff has failed to state sufficient facts to state a federal claim upon which relief can be granted. Since Plaintiff has stated no federal claim, the Court holds that it has no jurisdiction over Plaintiff's state law claims. Accordingly, the Court dismisses all of Plaintiff's claims.

### I. Plaintiff's Federal Claims

Plaintiff specifically asserts violations of the First and Fourteenth Amendment of the U.S. Constitution through 42 U.S.C. §§ 1983, 1985(3). Docket No. 1.[4] In addition, even though not specifically stated, Plaintiff's complaint potentially asserts violations of the Fourth Amendment. Since neither § 1983 nor § 1985 create substantive rights, but merely provide a private right of action to enforce an existing Constitutional or a federal right, *See D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 43 (1st Cir. 2012), the Court must evaluate if Plaintiff has sufficiently pled any of the constitutional violations she asserts. The Court will analyze the validity of each claim in turn.

#### A. First Amendment

---

[3] Under Local Rule 7(b), Plaintiff's failure to respond to Defendant's arguments constitutes a waiver of any objection to these arguments. However, in an abundance of caution, and because the Court is dismissing Plaintiff's claims against non-appearing defendants, the Court will proceed to analyze the merits of Plaintiff's claims.

[4] Plaintiff also mentions 18 U.S.C. § 242. However, § 242 is a criminal law and does not provide Plaintiff with a private right of action. As only the United States Government can enforce federal criminal laws and this is a civil action, the Court does not consider this statute.

The First Amendment protects an individual's freedom of religion, freedom of speech, freedom of the press, right to peaceably assemble, and right to petition the Government for a redress of grievances. U.S. Const. Amend. I. Plaintiff's complaint puts forth no facts to suggest that any of her First Amendment rights were violated. Thus, Plaintiff has failed to state a First Amendment claim. Accordingly, Plaintiff's First Amendment claims are dismissed.

### B. Fourteenth Amendment

When an executive action is challenged under the Fourteenth Amendment's Due Process clause, a plaintiff "must show *both* that the acts were so egregious as to shock the conscience *and* that they deprived him of a protected interest in life, liberty, or property." *Harron v. Town of Franklin*, 660 F.3d 531, 536 (1st Cir. 2011) (internal quotation marks ommitted) (emphasis in original). To meet this stringent standard, an executive act must be "truly outrageous, uncivilized, and intolerable." *Id.* (internal quotation marks omitted).

Plaintiff's complaint does not come close to meeting this demanding standard. First, Plaintiff's complaint fails to identify any "protected right in life, liberty, or property" that Plaintiff was deprived of. Second, Defendants' conduct cannot be said to be so "egregious as to shock the conscience." Plaintiff's most serious allegations are that the Officers "abruptly, wrongfully, [and] abusively . . . came and handcuffed Plaintiff." Docket No. 1. She also argues that the Officers "abused of a defenseless lady (Plaintiff) injuring her physically and violating the dignity, civil rights, constitutional rights and other laws." These conclusory statements are simply insufficient to show that Defendants' conduct was "truly outrageous, uncivilized, and intolerable." Thus, Plaintiff has failed to state a Fourteenth Amendment claim.

In addition, when a specific provision of the Constitution protects against particular Government conduct, a plaintiff "must assert their claims under that particular constitutional rubric instead of invoking the more generalized notion of substantive due process." *S. Cty. Sand & Gravel Co. v. Town of S. Kingstown*, 160 F.3d 834, 835 (1st Cir. 1998). Plaintiff's allegations of police misconduct potentially constitute violations of the Fourth Amendment's protection against illegal searches and seizures. *See* U.S. Const. Amend. IV. Thus, Plaintiff's allegations should be analyzed under the Fourth Amendment, and not the Fourteenth Amendment. Accordingly, Plaintiff's Fourteenth Amendment claims are dismissed.

### C. Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. Although Plaintiff does not specifically allege violations of the Fourth Amendment, the Court sees two potential Fourth Amendment claims that could arise from Plaintiff's complaint: 1) an unconstitutional arrest claim, or 2) an excessive force claim. Therefore, the Court will analyze each of these potential claims.

#### i. Unconstitutional Arrest

To state a claim of unconstitutional arrest, a plaintiff must show that the arresting officer did not have probable cause to make the arrest. *See Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 9 (1st Cir. 2004) ("When there is probable cause for an arrest, the Fourth Amendment's prohibition against unreasonable searches and seizures is not offended.") Probable cause exists when "the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a

Civil No. 15-1633 (JAG)                                                                                                    7

crime has been (or is about to be) committed and that the putative arrestee likely is one of the perpetrators." *Id.*

In this case, Plaintiff has failed to state sufficient facts to plead that she was arrested without probable cause. To begin, Plaintiff provides mostly general allegations concerning her arrest against all "policemen" and provides nearly no specific allegations against any specific officer. Docket No. 1. In fact, Plaintiff only specifies that Officer Angel Nieves Gonzalez was the officer who handcuffed her, and that Officers Heriberto Soto and Sgt. Rivera "had been informed by plaintiff of the facts (crime and malicious persecution) committed by the stranger . . . ." Docket No. 1. The rest of Plaintiff's allegations are made generally against all "policemen." *Id.* These generalized allegations are insufficient to adequately plead civil right violations against any of Defendants, even under the liberal *pro se* standard. *See Glaros v. Perse*, 628 F.2d 679, 683-84 (1st Cir. 1980) (holding that *pro se* plaintiff's generalized allegations were insufficient to implicate the defendant in a surveillance scheme). This Court does "not think it is unrealistic or unfair to expect a plaintiff to describe briefly in his complaint the activities of each defendant . . . and how his constitutional rights were impinged upon." *See Glaros*, 628 F.2d at 684.

In addition, all of Plaintiff's allegations surrounding her arrest are conclusory and unsubstantiated. Plaintiff states that she was handcuffed "abruptly, wrongfully, [and] abusively." Docket No. 1. She also states that the policemen "abused of a defenseless lady (Plaintiff) injuring her physically and violating the dignity, civil rights, constitutional rights and other laws," and that "a false fabricated process egregiously was initiated." These are the sorts of conclusory allegations that a court is not required to accept as true when determining a motion

Civil No. 15-1633 (JAG)                                                                                                   8

to dismiss. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). In turn, Plaintiff provides very little factual detail concerning her arrest. She provides no specifics as to how her arrest happened, what information the officers had been told when they arrested her, and the roles of the individual officers in the arrest. Thus, Plaintiff has failed to state sufficient facts to plead a Fourth Amendment unconstitutional arrest claim. Thus, these claims are dismissed.

                ii.   Excessive Force

A Fourth Amendment claim of excessive force requires a plaintiff to show that the defendant officer employed force that was unreasonable under the circumstances. *Jennings v. Jones*, 499 F.3d 2, 11 (1st Cir. 2007). This inquiry must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (internal quotation marks omitted). A court must look at the individual facts and circumstances of each case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.*

Since Plaintiff's excessive force claims rest on essentially the same factual allegations as her unconstitutional arrest claims, the former claims suffer from the exact same defects as the latter. Plaintiff's combination of generalized allegations, conclusory statements, and dearth of factual details is insufficient to state a valid Fourth Amendment excessive force claim. Thus, these claims are dismissed.

    II.   Plaintiff's Puerto Rico Claims

This Court should decline to exercise supplemental jurisdiction over a plaintiff's state law claims when all federal claims are dismissed. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir.1998) (holding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."). Because the Court dismisses all of Plaintiff's federal claims, the Court hereby dismisses without prejudice any claims made under Puerto Rico law.

## CONCLUSION

In view of the foregoing, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of August, 2016.

                                             s/ Jay A. Garcia-Gregory
                                             JAY A. GARCIA-GREGORY
                                             United States District Judge